```
               UNITED STATES DISTRICT COURT

               WESTERN DISTRICT OF LOUISIANA

                     ALEXANDRIA DIVISION

WOODY VOINCHE                      CIVIL ACTION NO. 07-0528

VERSUS                             U.S. DISTRICT JUDGE DEE D. DRELL

GLENN FINE, et al       U.S. MAGISTRATE JUDGE JAMES D. KIRK
```

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss, **doc. # 17,** filed by defendant, Inspector General Glenn Fine. The motion has been referred to me for report and recommendation.

Plaintiff, Woody Voinche, sues seeking relief under the Freedom of Information Act and other Federal statutes regarding electronic surveillance on him by the FBI. He asserts a 20 year old conspiracy against him by the FBI and others to violate his civil rights and to release toxic substances into his home and car. Originally Voinche, believing that investigations of his complaints had been performed, requested the records concerning such investigations. When he was informed that no investigation had been performed, he filed this suit.[1]

Voinche claims that investigations have not been performed and he seeks a court order that defendant investigate his claims.

He argues that defendants are statutorily required to

---

[1] An affidavit submitted on behalf of defendant shows that the complaint was reviewed and determined not to be credible and thus received an "information only" disposition by the agency; therefore no investigation was performed.

investigate his claims of violations of his civil rights by the FBI. He also argues that Fine should be in possession of records of such investigations.

## Motion to Dismiss

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. <u>Nicastro v. Clinton</u>, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Strother v. Southern California Permanente Medical Group</u>. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. <u>City of Toledo v. Beazer Materials and Services, Inc</u>., 833 F.Supp. 646 (N.D. Ohio 1993).

## Analysis

1. Official immunity.

The judicially created doctrine of official immunity protects federal officials from civil suits arising out of actions taken in the performance of their official duties and responsibilities. <u>Williams v. Brooks</u>, 945 F.2d 1322, 1327 (5th Cir. 1991). Officials of the United States "should be free to exercise their duties unembarrassed by the fear of damage suits in respect to acts done in the course of their duties. * * * " See <u>Barr v. Matteo</u>, 79 S.Ct.

2

1335, 1339 (1959).

Official immunity bars this action against these defendants.

2. Sovereign Immunity

The United States and its agencies, officers and employees may not be sued for money damages or eqitable, non-monetary, relief without specific statutory consent. U. S. v. Shaw, 60 S. Ct. 659 (1940); U.S. v. Sherwood, 61 S.Ct. 767 (1941); Houston Community Hospital v. Blue Cross, 481 F.3d 265 (5th Cir., 2007); U. S. v. Mitchell, 103 S.Ct. 2961 (1983). Plaintiff has not shown that the United States has consented to suit, that is that it has waived its defense of immunity. Plaintiff has not directed the court to any provision contained in any of the statutes to which he refers providing consent to suit against this defendant in this case.

Sovereign immunity is jurisdictional in nature. U.S. v. Sherwood, 61 S.Ct. 767 (1941). Without a waiver, this court has no jurisdiction.

3. Freedom of Information Act.

Although the Freedom of Information Act does contain a waiver of sovereign immunity in order to allow a court to enjoin the agency from non-compliance with the Act, there is no waiver for individual employees of the Agency 5 U. S. C. 552 (a)(4)(B), even in their official capacity. The same is true under the Privacy Act. See Petrus v. Bowen, 833 F.2d 582 (5th Cir. 1987). Glenn Fine is not a proper party defendant; plaintiff has no cause of action against

him under the Freedom of Information Act.

    4.   Subject matter jurisdiction

Finally, Voinche's complaint makes clear that he is not challenging the agency's compliance with his information request and this case is not an appeal from that administrative proceeding. Rather, he seeks to have this court order the Inspector General to perform an investigation. However, the Inspector General is authorized only to make such investigations as are "in the judgment of the Inspector General, necessary or desirable." 5 U.S.C. App. 6. a citizen has no right to demand that the Inspector General investigate every complaint that is filed. Because Voinche is not challenging the agency's compliance with the Freedom of Information Act, this court has no subject matter jurisdiction under the Act.

For the foregoing reasons IT IS RECOMMENDED that defendants' motion to dismiss be GRANTED and that the claims against the Inspector General be DISMISSED with prejudice.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the district

judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 25th day of July, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE